UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERNEST W. STEVENSON and
JAHMAL C. FREEMAN,

    Plaintiffs,

v.             Case No. 3:20-cv-863-J-34JBT

STATE OF FLORIDA,

    Defendant.
_____

### AMENDED[7] ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiffs Ernest Stevenson and Jahmal Freeman, inmates in the Duval County Jail, initiated this action by mailbox rule on August 3, 2020, when they filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Complaint; Doc. 1), while also seeking to proceed in forma pauperis (Doc. 2). Plaintiffs name the State of Florida as the sole Defendant. Plaintiffs assert that Defendant subjected them to "improper medical attention," as well as failing to provide them with "man-sized" mattresses and pillows (the absence of which allegedly exacerbated previous unrelated injuries), books, television, and newspapers. Complaint at 5. Additionally, they allege a few correctional officers are "acting godlike with power hungry attitudes" and are not compassionate or caring towards them. Id. As relief, Plaintiffs seek $10 million in damages for his physical, mental, emotional, and spiritual pain. Id.

---

[7] This Order is amended to correct a scrivener's error.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A.  Additionally, the Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 328 (1989)).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995)

(per curiam); <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" <u>Rehberger v. Henry Cty., Ga.</u>, 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted).

Absent waiver, § 1983 claims against a state are barred by the Eleventh Amendment. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 66 (1989). The State of Florida has not waived Eleventh Amendment immunity for § 1983 claims. <u>See</u> <u>Gamble v. Fla. Dept. of Health and Rehab. Services</u>, 779 F.2d 1509, 1520 (11th Cir. 1986) (holding that Florida has not waived its Eleventh Amendment immunity); <u>Garcia v. Reyes</u>, 697 So. 2d 549, 550 (Fla. 4th DCA 1997) (citing <u>Hill v. Department of Corr.</u>, 513, So. 2d 129, 133 (Fla. 1987)) (recognizing the same). Accordingly, Plaintiffs' claims are barred by the Eleventh Amendment. <u>See</u> <u>Will</u>, 491 U.S. at 66. Therefore, Plaintiffs have failed to state a claim upon which relief can be granted and this action is due to be dismissed.

In consideration of the above, it is

**ORDERED:**

1.      This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2.      The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of August, 2020.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-8

c:      Ernest W. Stevenson        #201925746
        Jahmal C. Freeman          #2018000319

3